IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 05, 2014

**DARIUS JONES v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 0104380     J. Robert Carter, Jr., Judge**

_____

**No. W2013-01004-CCA-R3-PC  - Filed June 9, 2014**

_____

Petitioner, Darius Jones, appeals from the trial court's judgment which denied post-conviction relief following an evidentiary hearing.  Petitioner argues on appeal that his trial counsel rendered ineffective assistance of counsel but only argues one factual allegation of ineffective assistance.  Petitioner asserts that he is entitled to post-conviction relief because trial counsel failed to include in his motion for new trial the ground that the trial court erroneously denied the motion to suppress Petitioner's statement to police.  After a thorough review of the record and the briefs of the parties, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Jeff Woods, Memphis, Tennessee, for the appellant, Darius Jones.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Josh Corman, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

**Background**

Following a jury trial in the Shelby County Criminal Court, Petitioner was convicted of one count of felony murder, four counts of aggravated robbery, three counts of attempted especially aggravated robbery, two counts of attempted aggravated robbery, and one count of aggravated burglary.  Petitioner received an effective sentence of life imprisonment plus

eighty-one years. On appeal, this court affirmed all of the judgments of conviction and the sentence of life imprisonment for felony murder but reversed the sentences for the remaining convictions and remanded for re-sentencing. *State v. Darius Jones*, No. W2003-02225-CCA-R3-CD (Tenn. Crim. App. Dec. 15 2004) (No citation to WestLaw was found.) ("*Darius Jones I*").

Upon remand, the trial court reduced each sentence to the minimum possible sentence and again ordered consecutive sentencing but failed to state specific findings justifying consecutive sentencing. On appeal, the length of the sentences was affirmed but the case was again remanded for the trial court to make specific findings as to why the sentences should be served consecutively. *State v. Darius Jones*, No. W2008- 00101-CCA-R3-CD, 2009 WL 1741509 (Tenn. Crim. App. June 16, 2009) ("*Darius Jones II*"). On the second remand, the trial court again imposed consecutive sentences and made specific findings and, on appeal this court affirmed the judgments. *State v. Darius Jones*, No. W2010- 01080-CCA-R3-CD, 2011 WL 2162986 (Tenn. Crim. App. May 26, 2011) ("*Darius Jones III*"). Petitioner timely filed his *pro se* petition for post-conviction relief, and an amended petition was filed after counsel was appointed to represent Petitioner.

A detailed summary of the facts leading to the convictions is not necessary for disposition of the present appeal. A summary of those facts can be found in this Court's opinion in *Darius Jones I*.

## Post-Conviction Hearing

As pertinent to the precise issue raised on appeal, the following evidence was presented at the post-conviction hearing. Trial counsel testified that Petitioner made an incriminating statement after his arrest. Trial counsel filed a pre-trial motion to suppress. An evidentiary hearing was held and the trial court denied the motion to suppress. Trial counsel admitted that he did not include in the motion for new trial any ground for relief based upon denial of the motion to suppress. Trial counsel's strategy was that he did not include an issue in the motion for new trial, and therefore did not preserve the issue for plenary review on appeal, if the proposed issue was not meritorious.

The actual motion to suppress evidence was not made an exhibit or even presented to be viewed or identified by trial counsel or Petitioner during the post-conviction hearing. Petitioner presented no proof at the post-conviction hearing as to any legal argument that could have been made to reverse the trial court if the suppression issue had been preserved for appeal. In his brief in the appeal *sub judice*, Petitioner makes no argument regarding any possible meritorious argument the suppression issue would have had if trial counsel had preserved the issue for appellate review by including it in the motion for new trial.

Petitioner testified that he remembered the hearing on the motion to suppress his statement. The entirety of Petitioner's relevant testimony regarding the omission of the suppression issue from the motion for new trial is the following:

Q. And do you recall having the evidentiary hearing on your motion to suppress your statement before Judge Colton?

A. Yeah.

Q. And do you recall when that was? Obviously it was prior to trial but in relation to the trial?

A. Maybe about two or three days before.

Q. And have you reviewed your motion for new trial?

A. No.

Q. You have not reviewed your motion for new trial?

A. No.

Q. But you heard Mr. Copeland testify that that denial of your motion to suppress was not included in your motion for new trial?

A. Yes.

Q. And you and I've talked and you've done legal research while you've been incarcerated. Correct?

A. Yes.

Q. And that was something you felt should have been included in your motion for new trial?

A. Yes.

Q. And that wasn't at issue for - - that wasn't an issue for appeal. Correct?

A.    No.

Q.    And that's because it wasn't in the motion for new trial?

A.    Yes.

In its order denying post-conviction relief the trial court found that "No evidence was offered to suggest, in any way, that the denial of the motion [to suppress statement] was erroneous." The post-conviction hearing court further concluded, "it is not enough to complain that the Motion to Suppress was not included in his appeal. Petitioner offered no proof to suggest that the denial of the Motion to Suppress was in error, or in any way related to the performance of his trial counsel."

**Analysis**

In order to sustain a petition for post-conviction relief, a Petitioner must prove his or her allegations of fact by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). When a petitioner is basing a claim for relief upon trial counsel rendering ineffective assistance of counsel, the petitioner has the burden to show that trial counsel's performance was deficient, *and* that the petitioner was prejudiced by trial counsel's deficient performance. *Mobley v. State*, 397 S.W.3d 70, 80 (Tenn. 2013). In order to demonstrate prejudice, the petitioner "must establish a reasonable probability that but for counsel's errors the result of the proceeding would have been different." *Vaughn v. State*, 202 S.W.3d 106, 116 (Tenn. 2006). "Failure to establish either deficient performance *or* prejudice necessarily precludes post-conviction relief." *Mobley*, 397 S.W.3d at 80.

We fully concur with the post-conviction trial court's findings and conclusions quoted above. There is absolutely no evidence in the record, and no legal argument by Petitioner, to show that the trial court erred by denying the motion to suppress. Therefore, based upon the record available to us we must conclude that if the suppression motion had been included within the motion for new trial and presented as an issue on appeal, the issue would have been found meritless. We do not conclude that trial counsel rendered deficient performance. However, even if he did, no prejudice could have occurred.

Accordingly, the judgment of the trial court denying the petition for post-conviction relief is affirmed.

_____

THOMAS T. WOODALL, JUDGE

-4-